**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Vincent Edward CANTU, aka Vincent
Escobedo, aka The Polite Bandit,
Defendant–Appellant.**

**No. 14–55940**

United States Court of Appeals,
Ninth Circuit.

Submitted June 8, 2016 *
Pasadena, California

FILED June 27, 2016

Lindsey Greer Dotson, Nancy Spiegel,
Jean–Claude Andre, Assistant U.S. Attorney, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Thomas Paul Sleisenger, Law Offices of
Thomas P. Sleisenger, Los Angeles, CA,
for Defendant–Appellant.

Before: REINHARDT and
WARDLAW, Circuit Judges and
BENNETT,** Senior District Judge.

## MEMORANDUM ***

In 2009, Vincent Cantu pled guilty to
committing multiple armed bank robberies. He was sentenced to 162 months in
prison and ordered to pay $37,338 in resti-

tution to the banks. We affirmed his sentence in 2011. *United States v. Cantu*, 427
Fed.Appx. 587 (9th Cir. 2011).

The present matter concerns Cantu's
motion under Rule 41(g) of the Federal
Rules of Criminal Procedure for the return
of $3,000 that was seized from his home
during a search. In support of his motion,
he explains that the money represents part
of a loan from his mother-in-law and must
be returned because the government has
no "legitimate reason" to retain it. *See
United States v. Gladding*, 775 F.3d 1149,
1152 (9th Cir. 2014).

The district court denied Cantu's motion. The court concluded that the $3,000
actually represents proceeds from one of
Cantu's robberies and may, accordingly, be
applied to the restitution he owes the victim bank. As a result, the government has
satisfied its burden of proving that it has
"legitimate reason" to retain the money.[1]
*Id.*

The district court did not clearly err in
reaching this conclusion. Shortly after his
arrest, Cantu admitted in an FBI proffer
session that the $3,000 came from his June
24, 2008 robbery of the Pacific Mercantile
Bank. Although Cantu recants that statement and tells a different story in his 41(g)
motion, it was reasonable for the district
court to conclude that Cantu's statements
in the proffer session were truthful. According to the terms of the session, the
government would not prosecute Cantu for
any conduct he admitted in the session as
long as he was candid. Cantu may have felt
pressured to agree with the FBI agent,
but he had strong reason to tell the truth
and no incentive to lie. Thus, the district

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

** The Honorable Mark W. Bennett, Senior District Judge for the U.S. District Court for the
Northern District of Iowa, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The parties agree that the government has
"legitimate reason" to retain the money if
indeed it is proceeds from a robbery.

court's conclusion that the money came from the robbery was far from "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). To the contrary: Cantu himself admitted it.[2]

Nor did the district court abuse its discretion in deciding not to hold an evidentiary hearing. Rule 41(g) requires the district court to "receive evidence on any factual issue necessary to decide the motion," but it does not specifically require an in-person hearing. Fed. R. Crim. P. 41(g). In this case, the district court reasonably concluded that declarations from Cantu and his mother-in-law, along with the report of the proffer session, would provide enough evidence to rule on the motion. Cantu's counsel did not disagree, and Cantu does not explain what evidence he could have adduced at a hearing that he could not convey in a declaration. *See, e.g., Ctr. Art Galleries–Hawaii, Inc. v. United States*, 875 F.2d 747, 754 (9th Cir. 1989) (finding that an evidentiary hearing was not required absent "a sufficient showing of what issues of fact would be resolved by an evidentiary hearing, and what evidence, in addition to that presented by the affidavits, would be adduced by such a hearing"). As a result, he has not shown that the lack of an evidentiary hearing caused him any prejudice.

The order of the district court is, therefore, **AFFIRMED.**

---

2. Cantu's argument that his mother-in-law has special claim to the $3,000 as a creditor is beside the point: it presumes that the money is a loan from her and not proceeds from the robbery.

\* The Honorable Mark W. Bennett, Senior District Judge for the U.S. District Court for the